# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**V.**                                            **CRIMINAL ACTON NO. 3:10-CR-151**

**RONTEZ P. COLBERT**                                               **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon the government's Notice of Intent to Introduce Evidence (Docket No. 54). Defendant Rontez Colbert has filed an Objection to Government's Notice of Intent to Introduce 404(b) Evidence (Docket No. 55). For the reasons that follow, the Court finds that the evidence of Defendant's prior hand-to-hand transactions consistent with drug activity is ADMISSIBLE.

### BACKGROUND

Defendant Colbert was arrested following a traffic stop by Louisville Metro Police Department (LMPD) Detective Ryan Nichols on October 25, 2010. Colbert is accused of being a felon in possession of a firearm. Prior to the traffic stop, Detective Nichols conducted surveillance on Colbert in Victory Park. During this surveillance, Detective Nichols observed Colbert conduct approximately ten to fifteen "quick transactions" with other people on foot or in their vehicles. After each transaction, Colbert would return to an area near his own car. Detective Nichols then observed Colbert get in his car and drive to a house on Dumensnil Street where he stayed for approximately ten minutes. Colbert then returned to Victory Park and had a similar number of "transactions" before driving back to the house on Dumensnil Street, staying for approximately the same amount of time, and returning to Victory Park where he again had a similar number of transactions with other people.

When Colbert began to leave Victory Park for a third time, police followed him and initiated a traffic stop after Colbert failed to use a turn signal in violation of Kentucky traffic laws. During the traffic stop, police called a K-9 narcotics unit to the scene. After the K-9 dog ran around the vehicle, Detective Nichols asked Colbert if he was sure there was nothing in his vehicle. Colbert told police that some females may have left a "blunt" in his backseat and directed the police to where it would be located. Upon finding a small baggie of marijuana, Detective Nichols conducted a more thorough search and discovered a handgun underneath a jacket in the rear cargo section of the car. At the station, Colbert admitted to ATF Special Agent Justin Demaree that he recently bought the gun from someone on the streets. Colbert said the gun was his, that he assumed it was loaded, and that he had put it in his car.

The United States has filed a notice of intent to introduce Federal Rule of Evidence 404(b) evidence at trial concerning the hand-to-hand transactions consistent with drug activity prior to the traffic stop. The government contends that the evidence of Colbert's prior hand-to-hand transactions is probative of the "defendant's knowing possession of the firearm." United States's Notice, Docket No. 54, at 3. The government further contends that any prejudice associated with that evidence does not substantially outweigh its probative value under Rule 403. Defendant Colbert objected to the introduction of this evidence, contending that the evidence is not probative of any material issue in this case and that any probative value is outweighed by danger of unfair prejudice. Specifically, Colbert contends that because he admitted that the gun was his, his knowing-possession of the gun is not at issue.

## DISCUSSION

The government "[o]ut of an abundance of caution," filed a notice of intent to introduce Rule 404(b) evidence, stating that it believes the evidence in question "does not implicate Rule

404(b)." United States's Notice, Docket No. 54, at 1. Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, the Rule provides that such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b).

The Court is of the opinion that the evidence the government seeks to introduce is properly considered background evidence, and not Rule 404(b) evidence. In *United States v. Hardy*, 228 F.3d 745, the Sixth Circuit held that "[b]ackground or res gestae evidence consists of those acts that are inextricably intertwined with the charged offense or those acts the telling of which is necessary to complete the story of the charged offense . . . ." Background evidence does not implicate Rule 404(b). *Id.* at 748. "Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

Here, the hand-to-hand transactions had a temporal and spatial connection to Colbert's arrest for possession of a firearm. The transactions took place immediately prior to the traffic stop, which occurred soon after Colbert left Victory Park. Additionally, the evidence is an integral part of a witness's testimony as the transactions observed by Detective Nichols were the reason that the police followed Colbert. Transcript of Suppression Hearing, Docket No. 40, at 10. The hand-to-hand transactions also provided the reason why the police called the K-9 unit to the scene and wanted to search Colbert's vehicle.

Furthermore, the evidence of the transactions preceding the arrest were probative of the charged offense and provides the context in which the firearm was possessed. Defendant argues that because he admitted the gun was his, the evidence of drug trafficking is "only marginally relevant to proving knowing-possession of the handgun." Defendant Objection, Docket No. 55, at 3. However, in *United States v. Till*, the Sixth Circuit affirmed the district court's decision to admit evidence of marijuana and crack cocaine found in the car and on the defendant at the time of his arrest for being a felon in possession of a firearm even though the defendant admitted that he kept the handgun for protection and that he had possessed the gun for three months before his arrest. 434 F.3d 880, 882 (6th Cir. 2006). In that case, the Sixth Circuit agreed with the district court that the drug evidence would help prove that the firearm was possessed by the defendant rather than by the driver, and prove motive for the firearm possession. *Id*. at 883-84. Here, the Court finds that the evidence concerning Colbert's preceding hand-to-hand transactions consistent with drug activity is probative of both Colbert's motive for possessing a firearm and his knowledge of possession, "because of the propensity of people involved with drugs to carry weapons." *Id.* at 884. Accordingly, the evidence of Colbert's preceding transactions is inextricably intertwined with the charged offense.

Although properly admissible as background evidence, the Court still must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006)(quoting *U.S. v. Bonds*, 12 F.3d 540, 567 (1993)). Although the evidence is prejudicial to Defendant, the Court cannot say that the probative value is *substantially*

outweighed by the prejudicial effect. Instructions to the jury concerning the limited use of the evidence will minimize the prejudicial effects of admitting the evidence.

Even if the evidence of Colbert's preceding hand-to-hand transactions did not qualify as background evidence, the Court believes that the evidence would still be admissible under Rule 404(b). A three-step process exists for determining whether other crimes, wrongs, or acts are admissible under Rule 404(b):

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2008).

Here, there is sufficient evidence that the hand-to-hand transactions, or the "other acts," took place. The government is not required to demonstrate by a preponderance of the evidence that the "other acts" occurred. *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Instead, there must be sufficient evidence so that the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at 689. Detective Nichols is familiar with the Victory Park area, a known "open-air drug market" within the city of Louisville. Transcript of Suppression Hearing, Docket No. 40, at 7-8. Detective Nichols testified that he has seen several hundred hand-to-hand drug transactions in that area. *Id.* at 9. Detective Nichols further testified that, based upon his experience and training and his familiarity with the Victory Park area, Colbert's activities on October 25, 2010 were consistent with hand-to-hand drug sales. *Id*. at 15-16. Although Detective Nichols admittedly did not actually see any drugs being exchanged for money, there is sufficient evidence that such transactions took place. Additionally, as discussed above, the evidence of Colbert's transactions is probative of his motive for possession of the

firearm and of his knowing-possession of the firearm and the probative value is not substantially outweighed by the danger of unfair prejudice.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the evidence concerning Defendant's preceding hand-to-hand transactions consistent with drug activity is ADMISSIBLE.